UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. COOK,<br><br>  Plaintiff,<br><br>  vs.<br><br>META PLATFORMS INC.,<br><br>  Defendant. | Case No.: 4:22-cv-02485-YGR<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Dkt. No.: 47 |

Before the Court is defendant Meta Platform Inc.'s ("Meta") motion to partially dismiss the First Amended Complaint ("FAC"). The only claim at issue is plaintiff's claim that defendant violated 15 U.S.C. section 1125, the Lanham Act. This Court granted plaintiff leave to amend to more clearly articulate the basis of this claim. For the reasons given herein, the Court finds plaintiff has adequately alleged her Lanham Act claim and denies the motion to dismiss.

I. **BACKGROUND**

The Court incorporates the facts alleged in the first motion to dismiss and summarizes the critical allegations here. (Dkt. No. 40.)

Defendant owns the social media website Facebook. Facebook's primary source of profit comes from advertising. Plaintiff is an artist who has created copyrighted works including sculptures which she sells online, though not on Facebook. She alleges defendant allows third parties to post advertisements on Facebook that use pictures she has taken of her work, as well as the names or her works, and descriptions of her works. Defendant not only allows advertisers to post the infringing advertisements on its site, but also helps advertisers target their infringing advertisements to a preferred audience. Plaintiff alleges that she has informed Facebook of this copyright infringement and that Facebook has not fulfilled its legal responsibilities to respond and stop the infringement.

1  The advertisers sell poor quality copies of plaintiff's original work or provide no product at
2  all to paying customers.  Some customers of these advertisers have contacted plaintiff after receiving
3  knockoffs and requested refunds.  (*Id.* at ¶ 103.)

4  To these allegations, the FAC adds a clearer and narrower basis for plaintiff's Lanham Act
5  claim.  She does not allege that all the advertisements using her copyrighted materials violate the
6  Lanham Act.  Rather, she alleges that by using photographs of her sculptures, as well as their names
7  and her descriptions of them, some advertisers and Meta are misleading consumers into thinking that
8  the advertisers are selling plaintiff's products and causing confusion about the quality of her
9  products, leading them to direct complaints about those products' quality at plaintiff.

## II. LEGAL FRAMEWORK

The standard for a motion to dismiss, including its burdens and inferences, is well-known and not in dispute.

To establish a claim for false designation of origin under 15 U.S.C. section 1125(a)(1)(A), a plaintiff must prove that the defendant (1) used in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or mistake, or to deceive, as to sponsorship, affiliation, or the origin of the goods or services in question. *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1170 (N.D. Cal. 2015).

## III. ANALYSIS

Defendant argues plaintiff fails to allege use of plaintiff's marks by Meta and that, to the extent her claim alleges that advertisers attempted to pass her sculptures of ideas off as their own, her claim is prohibited under *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 25 (2003).[1]

### A. Use by Meta

Defendant asserts that this Court "previously held that Plaintiff's original complaint failed to allege 'use' by Meta." (Dkt. No. 47 at 3, n. 1.)  Not so.  The Court dismissed the claim because

---

[1] Defendant has not challenged that the photographs, sculpture names, and descriptions plaintiff alleges were used by defendant constitute marks for purposes of the Lanham Act. Accordingly, the Court does not address that question.

plaintiff did not address defendant's argument regarding use in her opposition and the allegations of the complaint were not clear enough for the Court to determine if use was adequately alleged. (*See* Dkt. No. 40 at 11-12.) Plaintiff's amended complaint and opposition to the instant motion rectify these shortcomings.

In response to defendant's contention that Meta did not use plaintiff's marks, plaintiff now cites cases in which courts in this and other circuits have held that a defendant need not have directly sold the goods at issue in order to be liable under the Lanham Act. Rather, being part of the distribution chain for the item is sufficient. *See, e.g.*, *JUUL Labs, Inc. v. Chou*, 557 F. Supp. 3d 1041, 1052 (C.D. Cal. 2021), *reconsideration denied*, No. CV 21-3056 DSF (PDX), 2022 WL 4596556 (C.D. Cal. Aug. 22, 2022).

Defendant responds that these cases only apply where the defendant was involved in physically moving the goods at issue. While it is true that the cases relied on by plaintiff did involve defendants who had transported products, defendant does not explain, why that is significant or determinative. What appears important is that these defendants were integrally involve in a "significant act of commerce." *Philip Morris USA, Inc., v. Lee*, 481 F. Supp. 2d 742, 748 (W.D. Tex. 2006). That is exactly what plaintiff alleges defendant does here through its audience-specific targeted advertising.

In contrast, the Court finds defendant fails to show the cases upon which it relies support its sweeping assertion that "service providers cannot be held directly liable under the Lanham Act for the actions of their users." (Dkt. No. 47 at 4.) Defendant cites a string of cases without discussing, or even disclosing, the "use" at issue in those cases. Though defendant, not the Court, has the burden on this motion, the Court has reviewed the underlying cases and finds them unpersuasive. Most do not appear to involve the kind of active participation in disseminating the infringing marks or images that plaintiff alleges here.

*Lasoff v. Amazon.com Inc*, No. C16-151 BJR, 2017 WL 372948 (W.D. Wash. Jan. 26, 2017), aff'd sub nom. *Lasoff v. Amazon.com, Inc.*, 741 F. App'x 400 (9th Cir. 2018), appears most similar to the case at hand, but does not clearly support defendant's position. In *Lasoff* plaintiff sold astro-turf from a business called "Ingrass." He successfully sold his product on

1  Amazon, but saw a decline as third parties began purporting to sell "Ingrass" products at lower
2  prices. Through a process similar to the targeted advertising here, Amazon sent advertisements for
3  the fake Ingrass products to customers based on their browsing history. *Id.* at *2. It also bought
4  advertising spots for such products on third-party sites using Ingrass as a keyword. Plaintiff alleged
5  that this constituted "use" under the Lanham Act. The Court found that it could not grant summary
6  judgment on whether Amazon's conduct constituted use. This Court agrees. *Lasoff* granted
7  summary judgment on this claim in Amazon's favor on a separate basis: intent. The plaintiff had not
8  shown Amazon had any motive or intent to promote other businesses at plaintiff's expense. Here,
9  plaintiff has plausibly made such an allegation. She alleges that Meta's lenient stance on copyright
10 infringing ads on Facebook makes it attractive to advertisers who infringe copyrights. Defendant
11 does not address these. As such, it has failed to meet its burden for dismissal.

      **B.**    *Dastar*

Defendant's argument under *Dastar* fails because it does not address plaintiff's actual claim. The parties agree that *Dastar* would foreclose a claim that advertisers passed off plaintiff's work as their own. *Dastar*, 539 U.S. at 27 n.1. Defendant states that plaintiff "does not (and cannot) allege that those 'counterfeiters' purported to be selling sculptures manufactured by [p]laintiff herself." (Dkt. No. 47 at 1.) In fact, that *is* what plaintiff here alleges. Plaintiff alleges that while some of the advertisements represented images of her sculptures as products of other artists, that at least some of them used enough identifying information, including the names of her sculptures and her descriptions of those sculptures, that consumers were led to believe that the advertisers were selling *her* sculptures. The latter is the basis of her Lanham Act claim.

As plaintiff correctly notes, "likelihood of confusion exists when consumers are likely to assume that a product or service is associated with a source other than its actual source because of similarities between the two sources' marks and marketing techniques." *JUUL*, 557 F. Supp. 3d at 1053 (quoting *Metro Publ'g, Ltd. v. San Jose Mercury News*, 987 F.2d 637, 640 (9th Cir. 1993)).

Here, plaintiff alleges that various of the advertisements include some combination of images of her works, the names of her works, and the same descriptions of her works. Such advertisements could, and as plaintiff alleges, have, caused consumer confusion, leading some disappointed

purchasers to reach out to plaintiff after receiving subpar products from third parties. Defendant does not directly address this allegation in its briefing. At most, it implies that a Lanham Act claim is foreclosed because the advertisements do not include plaintiff's name or state the products being sold were made by plaintiff (*see, e.g.,* Dkt. No. 47 at 8) but cites no authority indicating that an infringing advertisement must directly or explicitly mention the plaintiff. Courts in this circuit have found to the contrary. *See e.g., Brighton Collectible, LLC v. Believe Prod., Inc.*, No. 215CV00579CASASX, 2017 WL 440255, at *12 (C.D. Cal. Jan. 30, 2017) (allowing Lanham Act claim where defendant allegedly used photographs of plaintiff's jewelry, leading consumers to believe they were selling plaintiff's jewelry rather than defendant's inferior product).

## IV.  CONCLUSION

In conclusion, the motion is **DENIED**. Defendant shall respond to the First Amended Complaint within twenty-one (21) days of this Order. A case management conference will be set by separate notice.

This terminates docket number 47.

**IT IS SO ORDERED**.

Dated:  May 4, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**