UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. COOK,<br><br>      Plaintiff,<br><br>   v.<br><br>META PLATFORMS, INC.,<br><br>      Defendant. | Case No. 22-cv-02485-AMO   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 100 |

The parties have a discovery dispute concerning Plaintiff's requests for production ("RFPs") 5, 15, 22, 9, 10, 13 and 36 and interrogatory ("rog") 2.  The Court held a hearing on August 14, 2024, and now issues the following order.

**A.     RFPs 5, 15 and 22**

RFPs 5 and 15 seek relevant and proportional discovery.  Plaintiff's primary complaint is that Meta has refused to produce custodial documents, including email.  With respect to RFPs 5 and 15, Meta's response is confusing.  First, Meta argues that it has produced non-custodial documents responsive to these RFPs.  Then, Meta makes what is essentially a summary judgment argument that the evidence in this case does not show that Meta has committed copyright infringement or that it can be liable under the DMCA.  These summary judgment-type arguments are not appropriate in a discovery dispute, and in any event, do not show why only non-custodial documents should be produced.

More generally, with respect to all of the RFPs at issue, Meta asserts that custodial documents will not contain anything responsive and that its centralized tools and databases have anything that is responsive.  Plaintiff disagrees.  First, she simply disbelieves that that could be true.  But more than that, the focus of Plaintiff's RFPs in this motion is not really to see Meta's

systems in operation but to obtain information about the systems, such as documents about what they do, are designed to do, do not do, could do better, and the like. Plaintiff has made a persuasive showing that custodial documents are likely to contain this information.

For RFP 22, Plaintiff seeks to learn more about Meta Rights Manager, Meta's Brand Protection Program, and Meta's content management and matching tools, including information concerning why Meta developed these programs, and the process and criteria for enrollment in them. Those are legitimate subjects of inquiry in this case. Plaintiff is again focused on custodial documents, rather than general policy documents, to learn how these programs work in practice. The last part of this RFP asks for "all applications to enroll in the programs along with how each application was evaluated whether each was accepted or denied." The Court strikes that part of the RFP as overbroad. It is true that narrowing RFP 22 to custodial documents (which is what Plaintiff is seeking) would also automatically do away with the request for "all applications" because it would limit it to those in the custodians' documents. However, because Plaintiff is largely seeking to learn about these programs (which is relevant), Plaintiff has not shown that the applications submitted would in fact have any relevance.[1]

Accordingly, the Court **GRANTS** Plaintiff's motion to compel as to RFPs 5, 15 and 22 (with the last part of RFP 22 stricken, as stated above) and **ORDERS** Meta to produce responsive custodial documents. The Court **ORDERS** the parties to meet and confer about the number and identity of document custodians.

**B.     RFP 9**

RFP 9 seeks: "Documents concerning any complaints, correspondence, or press (including without limitation press releases and/or third-party authored articles in Your possession) concerning Your failure to take down, remove, or address any actually or allegedly copyright infringing image or work in any Facebook advertisement or in any other commercial application on Facebook, such as Facebook's Marketplace, following a request from a third party or any

---

[1] Plaintiff's own applications are relevant, of course, but at the hearing Meta said it already produced those documents, and Plaintiff said she did not need the Court to do anything at this time with respect to Plaintiff's applications.

2

copyright holder." In response to the Court's discovery order at ECF No. 91, Plaintiff has limited this RFP "to include only documents otherwise encompassed by the Request relating to copyright infringing images or works that were used to advertise the sale of counterfeit products (as opposed to any copyright infringing advertisement)." ECF No. 100-3.

As narrowed, RFP 9 is limited to a relevant subject matter. However, there is still the problem that it asks for "any" complaints, etc. The Court is not going to order Meta to find and produce every single instance in which this happened. The appropriate way to limit RFP 9 further is to limit it to custodial documents, which will automatically limit it to the instances shown by the documents in the custody of the custodians. Accordingly, the Court **GRANTS** Plaintiff's motion to compel as to RFP 9 and **ORDERS** Meta to produce responsive custodial documents. The Court **ORDERS** the parties to meet and confer about the number and identity of document custodians.

C.     **RFP 10 and Rog 2**

RFP 10 asks for: "Documents concerning Your process for handling DMCA Takedown Notices, from receipt to making a determination to remove content or not remove content, including information regarding channels for rights holders to report infringing content, online reporting forms, operations teams or employees involved in reviewing DMCA Takedown Notices, and the process after You receive a DMCA Takedown Notice and determine the reported content is potentially infringing."

Rog 2 asks Meta to "Identify and describe the responsibilities of Your operations teams and employees with involvement in Your review of DMCA Takedown Notices, including operations teams and employees or other individuals with any role concerning Your action or inaction upon Your review of DMCA Takedown Notices."

The RFPs and rogs have different relevant time periods, but in her motion to compel Plaintiff moves on the relevant time period that is in the rogs: April 2018 through December 2022. These discovery requests are relevant and proportional, except that it is unduly burdensome for Meta to identify or describe the responsibilities of literally every employee or other individual involved in the review of DMCA takedown notices, or to look for documents that show the identity and responsibilities of all such employees or individuals. Rather, for both RFP 10 and rog

3

2, instead of all employees or individuals, Meta may limit its responses to managerial level employees.  Accordingly, the Court **GRANTS** Plaintiff's motion to compel as to RFP 10 and rog 2 and **ORDERS** Meta to respond to RFP 10 and rog 2 for April 2018 to December 2022 with the foregoing limitation.

### D. RFP 13

RFP 13 seeks:  "Documents concerning any account, group, or Page you have disabled in response to a DMCA Takedown Notice(s) during the Relevant Time Period and the circumstances surrounding each disabled account, group, or Page."  Plaintiff states that she narrows "this request for custodial documents to only Takedown Notices concerning advertisements on Facebook."  ECF No. 100-9.  That is a relevant subject.  In addition, calling it a request for "custodial documents" automatically narrows the request further, removing the request for "any" responsive account group, or page because a custodial document request is necessarily limited to the documents in the custody of the custodians.  That addresses any burden or proportionality concerns.  Accordingly, the Court **GRANTS** Plaintiff's motion to compel on RFP 13 and **ORDERS** Meta to produce responsive custodial documents.  The Court **ORDERS** the parties to meet and confer about the number and identity of document custodians.

### E. RFP 36

During the hearing, Plaintiff withdrew her motion as to RFP 36.  Accordingly, the Court need not rule on that portion of the motion.

**IT IS SO ORDERED.**

Dated: August 14, 2024

THOMAS S. HIXSON
United States Magistrate Judge

4