UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. COOK,<br><br>        Plaintiff,<br><br>    v.<br><br>META PLATFORMS, INC.,<br><br>        Defendant. | Case No. 22-cv-02485-AMO (TSH)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 111 |

So, here is the deal with a court order, especially one that you stipulated to. It's an order, so you have to comply with it. If you learn new information that makes it seem like it will be difficult or impossible for you to comply with the order, then you should move to modify the order with reasonable diligence, explaining why the order has become difficult or impossible for you to comply with. You might win your motion, or you might lose, depending on how good your argument is. But that's what you're supposed to do if you find yourself in that situation. What you're not supposed to do is pretend like the order doesn't exist, or pretend that your violations are somehow a form of compliance, and then hope your opponent doesn't point out what you're doing.

Just about a year ago, the parties stipulated to an ESI Order that the Court approved. ECF No. 77. Appendix 2 sets forth the protocol for privilege logs. It is five paragraphs long. Paragraph 1 of that appendix says:

> The Parties shall include the following information in their privilege logs for each communications or records withheld or redacted under a claim of privilege: (a) the beginning date range; (b) the end date range; (c) the names of the authors and recipients, including identification of any in-house or outside counsel; (d) a general description of the subject matter; (e) if the communication or record is an email, the subject of the email, or if another type of document,

the title of that document; (f) the grounds on which the documents are being withheld (e.g., "attorney-client privilege," "attorney work product," etc.); and (g) the document types (e.g., emails, Word documents, etc.).

As Plaintiff points out in her motion to compel, Meta's privilege log does not comply with paragraph 1 of appendix 2 of the ESI Order. For the most part, it doesn't have the names of the authors and recipients, including identification of any in-house counsel or outside counsel. Plaintiff says it also lacks general descriptions of the subject matter of the documents, but the Court thinks that information is contained in the privilege description.

In this order, the Court expresses no opinion on what information is required to substantiate a claim of privilege under the case law or under Federal Rule of Civil Procedure 26(b)(5). After all, paragraph 4 of appendix 2 says the parties' logs have to meet those standards. Here, Plaintiff is complaining about Meta's noncompliance with paragraph 1. That makes most of Meta's arguments unnecessary to consider, as Meta mostly talks about case law and Rule 26(b)(5) and says little about paragraph 1 of appendix 2 of the ESI Order.

When Meta does get around to discussing paragraph 1 of appendix 2, it does not have much to say. Meta asserts: "Neither the Federal Rules nor the ESI Order requires Meta to investigate and identify every author, every recipient, or every person with access to the redacted documents here." ECF No. 111 at 5. But paragraph 1 does state that Meta must include "the names of the authors and recipients, including identification of any in-house or outside counsel." As a matter of plain English, "the names of the authors and recipients" means all of the authors and recipients, not some of them. And paragraph 1 doesn't say anything about "person[s] with access" to privileged documents. It says authors and recipients.

Meta also seems to argue that paragraph 1 somehow does not require Meta to list the authors and recipients if the only way Meta could identify them is by manually populating or editing metadata fields that cannot be extracted. ECF No. 111 at 4. But that's wrong too. That language comes from appendix 1 of the ESI Order, which describes the production format for document productions, including the metadata fields that must accompany document productions. That has nothing to do with appendix 2, which does not address production formats but instead addresses privilege logs.

2

1    Meta has a lot to say about how compliance with paragraph 1 of appendix 2 is difficult or impossible. Meta says that it is difficult for it to identify all of the individual authors and suggests it may not be possible for it to identify all of the recipients. You know where those arguments belong? In a motion to modify the ESI Order. It says on its face that it can be modified "for good cause shown." ESI Order ¶ 10. Since no one has asked the Court to modify the ESI Order, the Court expresses no view on whether there is good cause to do so. It is sufficient to resolve the current discovery dispute to observe that Meta's privilege log does not satisfy paragraph 1 of appendix 2 of the ESI Order, and Meta has not filed a motion asking for relief from those requirements. Accordingly, Plaintiff's motion to compel is **GRANTED**, and the Court **ORDERS** Meta to bring its privilege log into compliance with paragraph 1 of appendix 2 of the ESI Order. This order is without prejudice to a motion to modify the ESI Order.

**IT IS SO ORDERED.**

Dated: September 9, 2024

THOMAS S. HIXSON
United States Magistrate Judge

3