UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. COOK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-02485-AMO (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 191 |

The parties have filed a joint discovery letter brief in which Plaintiff moves to compel on two issues.

**A.     Inspection of Meta's Systems**

On December 11, 2024 Plaintiff served a notice of inspection on Meta, seeking to inspect, analyze, photograph and videotape the capabilities of the following Meta content management systems:  KnowledgeBase, SRT/Single Review Tool, Wiki, CMC/Content Management System, Workplace, Workchat/Workplace Chat, Google Docs and Confluence.  ECF No. 191-1.  Meta objected.

In the joint letter brief, Plaintiff says that the requested inspection is relevant to "several" disputes in this case, but she identifies only one.  Specifically, for purposes of asserting attorney-client privilege, Meta has argued that for some of its systems, it is not possible for Meta to identify who viewed, accessed or modified documents, and so Meta is not able to provide traditional author and recipient information for documents on those systems.  Plaintiff says that this inspection would enable Plaintiff to test that assertion and determine if it is possible to figure out who can and has accessed, viewed and modified the allegedly privileged documents in the document management systems.

This is a request for discovery about discovery, since Plaintiff is seeking information to evaluate Meta's claims of attorney-client privilege. Discovery about discovery can sometimes be helpful and useful. But it can also veer into satellite litigation, wrapping the parties up in fights that are not directly connected to, or even near, the merits of the case. Allowing Plaintiff to have direct access to Meta's document management systems so that Plaintiff could operate and test them to determine how employees access them and what data the systems record about that access would be quite invasive. Normally in discovery a litigant gets documents and information produced from their opponent's systems, and maybe an interrogatory response or a Rule 30(b)(6) deposition about how the systems work and what data they record. A request for direct access to Meta's document management systems requires a showing of need that Plaintiff has come nowhere near to making. And the fact that Plaintiff has made this invasive request in service of her dispute about what Meta should be required to list on its privilege log confirms that we are firmly in the land of unproductive satellite litigation. This discovery is not proportional to the needs of the case, and Plaintiff's motion to compel on her inspection demand is **DENIED**.[1]

**B.      Linked Documents**

Plaintiff also moves to compel a bunch of documents that are listed in Exhibit C (ECF No. 191-3) because there are links to these documents in 83 emails that Meta has produced to Plaintiff. However, as Meta points out, Plaintiff does not argue that any of the requested documents are responsive to any particular RFP that she served. A motion to compel does need to be linked to a discovery request, and this one is not. Plaintiff's motion to compel the linked documents is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: June 11, 2025

THOMAS S. HIXSON
United States Magistrate Judge

---

[1] In the joint discovery letter brief, Plaintiff alternatively requests technical documentation explaining the security access features for each of the document management systems. However, Plaintiff does not identify an RFP in which she requested those documents.

2