UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. COOK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>META PLATFORMS, INC.,<br><br>　　　　Defendant. | Case No. 22-cv-02485-AMO   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 199, 200, 202 |

The parties have some discovery disputes. The Court rules as follows.

**A.　ECF No. 199**

Meta has served a document subpoena on William Boychuck and two document subpoenas on his company, QTI. Meta has also served a deposition subpoena on Boychuck and a Rule 30(b)(6) deposition subpoena on QTI. QTI will designate Boychuck as the entity representative for purposes of that deposition. Boychuck now moves to quash the subpoenas that were served on him personally. As to the document requests, Boychuck argues that the subpoenas are "redundant," meaning that he and his company have the same documents. But that's not a good reason to quash one of the document subpoenas because if they are in fact redundant, Boychuck and his company don't have to produce the same document twice. It can be a joint document production in response to both subpoenas, and there is no extra burden in doing that. Accordingly, Boychuck's motion to quash the document subpoena is **DENIED**.

As for the deposition subpoenas, the Court agrees that 14 hours of deposition (one seven-hour deposition in his individual capacity and one seven-hour deposition in his corporate capacity) are excessive. Accordingly, Boychuck's motion with respect to the deposition subpoena is **GRANTED IN PART**. Meta is limited to seven hours of his deposition testimony. If Meta takes

1  the deposition in one day, the first three and a half hours will be Rule 30(b)(6) testimony and the
2  next three and a half hours will be individual testimony.  Meta must say on the record when it is
3  switching to individual testimony.  The default is that this deposition shall take place in one day.
4  However, if the parties jointly stipulate, the deposition can take place on two days, with three and
5  a half hours each day.  In that event, the first day will be 30(b)(6) testimony, and the second will
6  be individual testimony.

**B.      ECF No. 200**

Plaintiff moves for a protective order concerning Meta's Rule 30(b)(6) deposition notice to QTI.  Plaintiff requests a protective order limiting discovery from QTI, which she says is her consulting expert in this case.  Plaintiff says: "Plaintiff does not object to discovery from QTI concerning relevant information regarding its role assisting Plaintiff to report infringing content on Facebook.  Rather, Plaintiff requests a targeted protective order limiting non-relevant discovery and discovery concerning QTI's capacity as a consulting expert."  However, the Court will not rule on these abstract issues ahead of time.  The Court will assess these arguments on a question-by-question basis after the deposition is taken.  Plaintiff's motion for a protective order is therefore **DENIED**.

**C.      ECF No. 202**

Plaintiff moves to compel on topics 2(e), 4, 5, 7, 8 and 9(b) in her Rule 30(b)(6) deposition notice.  This dispute is timely under Civil Local Rule 37-3.  The Court **GRANTS** the motion.  These topics are relevant and proportional to the needs of the case.  Having said that, these topics are also broad.  The Court expects Meta's witnesses to be reasonably well prepared, but some of this testimony will simply have to be general in nature, in particular for topics 4 and 5.  The Court's view is that when a Rule 30(b)(6) topic is precise and narrow, the witness is obligated to know the details.  But when, as here, the topics are relevant but broadly stated, informed but somewhat general testimony is all that can reasonably be expected.  Either of those approaches can yield useful deposition testimony.  We also have to remember that as broad as some of these topics look, at trial Meta would likely feel quite comfortable putting an executive on the stand to explain each topic for the jury.  Plaintiff is entitled to those explanations now and does not have to

1 wait until trial.

2 **D.    Close of Fact Discovery**

3 Fact discovery closed on July 18, 2025.  ECF No. 151.  This means today is the last day to file a discovery-related motion.  Civ. L.R. 37-3.  The Court's view is that for depositions that take place after the close of fact discovery, the deadline to file a motion related to that deposition is tolled until seven days after that deposition takes place.  So, if one side or the other intends to seek relief out of any of the upcoming depositions, they will need to act fast.

**IT IS SO ORDERED.**

Dated: July 25, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

3