UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. COOK,<br><br>    Plaintiff,<br><br>        v.<br><br>META PLATFORMS, INC.,<br><br>    Defendant. | Case No. 22-cv-02485-AMO   (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 212 |

Fact discovery closed on July 18, 2025 (ECF No. 151), so July 25, 2025 was the last day to file a discovery-related motion. Civ. L.R. 37-3. In ECF No. 205, the Court observed that some depositions were going to take place after the deadline to file a discovery-related motion. The Court stated that "for depositions that take place after the close of fact discovery, the deadline to file a motion related to that deposition is tolled until seven days after that deposition takes place. So, if one side or the other intends to seek relief out of any of the upcoming depositions, they will need to act fast."

In ECF No. 212, Meta requests an extension of that deadline to August 18, 2025 concerning the July 31, 2025 depositions of non-parties Qti, LLC and William Boychuck. Meta reports that during those depositions, both witnesses referenced documents that were responsive to its June 12, 2025 second document subpoena to Qti and first document subpoena to Boychuck, but that had not been produced. Following the depositions, Meta requested that the non-parties produce those documents, and the non-parties declined. Meta says it needs the additional time because expedited transcripts of those depositions will take 11 days to obtain, the parties need to meet and confer, and then if necessary they need time to brief the discovery motion.

The Court grants the motion for a somewhat different reason, namely that it is concerned

1   that discovery misconduct has occurred.  Everyone agrees that the non-parties produced nothing at

2   all in response to these subpoenas, and also that Meta did not file a motion to compel as to either

3   subpoena.  So, if that's all that had happened, Meta would simply be out of luck.  In the absence of

4   tolling, July 25 was the last day to file a discovery-related motion, and leading up to that deadline

5   Meta certainly knew that the non-parties had not produced any documents in response to these

6   subpoenas.[1]  The tolling the Court referenced at the beginning of this order for depositions that

7   take place after the close of fact discovery is not relevant here, as the non-production of

8   documents is not related to anything that happened during the July 31 depositions.  Before Meta

9   asked a single question that day it knew it had received no documents at all in response to these

10  subpoenas.

11      But that's not all that happened.  On July 24, Boychuck and Meta filed a joint discovery

12  letter brief.  ECF No. 199.  In that brief Boychuck moved to quash Meta's document and

13  deposition subpoenas.  As to the document subpoena, Boychuck's principal argument was that

14  "Meta's document requests served on Mr. Boychuck and Qti are redundant" of each other.  *Id*.

15  The Court denied the motion, reasoning "that's not a good reason to quash one of the document

16  subpoenas because if they are in fact redundant, Boychuck and his company don't have to produce

17  the same document twice.  It can be a joint document production in response to both subpoenas,

18  and there is no extra burden in doing that."  ECF No. 205.

19      In response to the Court's order, Boychuck and Qti then produced . . . nothing at all.  Yes,

20  you read that right:  Boychuck moved to quash the document subpoena that was served on him on

21  the ground that it was redundant of the one served on his company (which the company did not

22  move to quash), he *lost* that motion, and then both he and his company produced nothing.  They

23  now oppose Meta's request for an extension of time to raise this discovery dispute, pointing out

24  that Meta did not move to compel on these document subpoenas by the July 25 deadline.  ECF No.

25  216.  However, a motion to quash is the flip side of a motion to compel.  If you move to quash a

---

[1] Plaintiff states that Qti produced "dozens" of documents in response to Meta's first document subpoena, which was served on March 24, 2025.  In addition, Plaintiff states that she produced hundreds of Qti-related documents.

document subpoena and you lose, you have to comply with the subpoena. The effect of the Court's denial of Boychuck's motion was that he was required to produce documents. Further, arguing that the subpoena to Boychuck was redundant of the one to Qti clearly implied that Qti would produce documents because otherwise the redundancy argument didn't make any sense. A subpoena to Boychuck is not "redundant" of a subpoena to Qti if Qti is not going to produce any documents either. Thus, Boychuck is in violation of a Court order, and his motion to quash misled Meta into reasonably believing that Qti would produce documents. This isn't okay. Accordingly, the Court **ORDERS** that's Meta's deadline to file discovery-related motions concerning these document subpoenas is equitably tolled until August 18, 2025.

**IT IS SO ORDERED.**

Dated: August 13, 2025

THOMAS S. HIXSON
United States Magistrate Judge