1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JENNIFER L. COOK,

    Plaintiff,

    v.

META PLATFORMS, INC.,

    Defendant.

Case No.  22-cv-02485-AMO   (TSH)

**DISCOVERY ORDER (PUBLIC VERSION OF ECF NO. 220)**

Re: Dkt. No. 219

The parties have filed a joint discovery letter brief in which Plaintiff moves to compel four categories of documents:  monthly business reports, quarterly business reports, staffing forecasts and the quality rubric related to Accenture.

**A.    Timeliness**

First we have to decide if this motion to compel is timely.  Fact discovery closed on July 18, 2025 (ECF No. 151), so absent tolling, July 25, 2025 was the last day to file a discovery-related motion.  Civ. L.R. 37-3.  The Court previously explained "that for depositions that take place after the close of fact discovery, the deadline to file a motion related to that deposition is tolled until seven days after that deposition takes place."  ECF No. 205.  Here, Plaintiff says her motion to compel arises out of the August 6, 2025 deposition of non-party Accenture.  Plaintiff makes one argument for why this motion is "related to" that deposition:  "Accenture's testimony *revealed* three specific reports that it exchanged with Meta during the relevant time period about the status of copyright infringement report review, Accenture's required staffing levels, and ways to improve the report review workflow.  The testimony also *revealed* the existence of a rubric used to evaluate Accenture's performance against Meta's policies."  ECF No. 218-1 (emphasis added).

1
2

If it is true that deposition testimony revealed the existence of a previously unknown type of document, then a motion to compel that type of document is "related to that deposition."

3
4
5
6
7
8
9
10
11

But this turns out to be only partially true. Meta says that in March and June of 2025, it produced monthly and quarterly business reports related to Accenture. Plaintiff does not disagree. She says that "the periodic business reports related to Accenture" have not been "sufficiently produced," which means she did receive some of them before the deposition and did not learn of their existence during the deposition. Accordingly, it is not true that the deposition "revealed" the monthly or quarterly business reports, and so Plaintiff's sole argument for why a motion to compel those items is "related to" that deposition lacks merit. Therefore, the deadline to move to compel those items was not tolled. Plaintiff's motion to compel the monthly and quarterly business reports is therefore **DENIED** as untimely.

12
13
14
15

By contrast, Plaintiff says that the staffing forecasts and the rubric were not produced at all, and Meta does not assert otherwise. Accordingly, Plaintiff's assertion that the August 6 deposition "revealed" the existence of those items is not contradicted by anything, and the Court finds the motion timely as to these items.

16

**B.    Merits**

17
18
19
20
21
22
23

The rubric and the staffing reports are responsive to RFPs 30 and 71. The staffing reports are relevant and proportional to the needs of the case because they show, in part, the resources Meta allocated to addressing copyright infringement. These staffing reports do not appear burdensome to produce. The quality rubric is relevant and proportional to the needs of the case because it shows Meta's process to determine whether its DMCA notice and takedown procedure was being appropriately implemented. There is also no indication that the quality rubric is burdensome to produce. Accordingly, the Court **GRANTS** Plaintiff's motion to compel the staffing reports and the quality rubric related to Accenture.

24

**IT IS SO ORDERED.**

25

Dated: August 14, 2025

26
27
28

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California

2