UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER L. COOK,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 22-cv-02485-AMO (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 222 |

Meta has moved to compel two categories of documents from non-parties Qti and William Boychuck. Plaintiff's counsel represent the non-parties for purposes of these subpoenas. The Court held a hearing on October 1, 2025, and now issues the following order.

**A.     Binder**

First, Meta moves to compel a binder of screenshots of Facebook ads with the date and time, a list of "Facebook Policies Broken" (which often includes "IP Infringement (Intellectual Property)," and a list of "Targeted Brands." According to Boychuck's deposition, "we saw massive amounts of infringement on the Facebook platform, and we knew that Jennifer Cook was involved in this case, and we wanted to show the capabilities that our -- our documentation process may be able to help." 88:1-5. "We – we created it primarily just to, again, showcase our technology to whoever was interested in seeing the documentation process. We chose Facebook as a platform again because there was a lot of fraud on -- on the platform that we were able to document in this – in this binder." *Id*. 88:10-16. "It was -- it was something that I -- I showed a few people, people that were interested in what Qti was doing, and what Qti was building, people that may have had questions regarding, so what is it do you -- that you actually do? This was a great way that we showed as an example of our services." *Id*. 89:2-8.

The binder sounds like a marketing document that Qti created to sell its brand protection services. There is no indication that it was prepared on Plaintiff's behalf or at her direction. In other words, the binder might represent Qti's opinions about what constitutes IP infringement, *see id*. 92:21-23 ("We did not know for sure, but we were making an assumption that likely intellectual property was being violated here."), but there is no basis to attribute those opinions to the Plaintiff. Although Plaintiff did retain Qti as a consulting expert, there is nothing to indicate that this binder was prepared during the course and scope of that consultancy, and Boychuck's testimony strongly suggests the opposite. This binder therefore represents some non-party's opinions about IP infringement that cannot be attributed to the litigants, and the Court does not see how that is relevant to the case. Meta's motion to compel the binder is **DENIED**.

**B.     Communications**

Second, Meta moves to compel Qti and Boychuck's communications with "potential putative class members." ECF No. 221-1 at 4. Meta says these are the 8-9 clients that subscribed to Qti's brand protection services. At the hearing neither side was able to state definitively whether these 8-9 people are even part of the classes that Plaintiff has moved to certify. There is also something random about singling out the communications with these 8-9 people, who might or might not be putative class members, merely because they hired the company that Plaintiff retained as a consulting expert. One-off communications with a handful of individuals do not seem like they would be useful class certification discovery, and they are also unlikely to shed light on the merits. Accordingly, Meta's motion to compel these communications is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 1, 2025

THOMAS S. HIXSON
United States Magistrate Judge