RANDI W. SINGER (Bar No. 320587)
randi.singer@sidley.com
ELIZABETH K. MCLEAN (admitted *pro hac vice*)
elizabeth.mclean@sidley.com
MARY K. CLEMMONS (admitted *pro hac vice*)
katie.clemmons@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

ADRIANE PERALTA (Bar No. 304357)
adriane.peralta@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendant,
*Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER L. COOK, d/b/a JL Cook, JL Cook Sculptor and SNAKEARTS.COM,<br><br>        Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC.,<br><br>        Defendant. | Case No. 3:22-cv-02485-AMO<br><br>**DEFENDANT META PLATFORMS, INC.'S NOTICE OF MOTION AND MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF JONATHAN HOCHMAN**<br><br>Hearing Date: April 23, 2026<br>Time: 2:00 p.m.<br>Dept.: Courtroom 10 – 19th Floor<br>Judge: Honorable Araceli Martínez-Olguín<br><br>**ORAL ARGUMENT REQUESTED** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 23, 2026 at 2pm PST, or as soon thereafter as counsel may be heard, before the Honorable Araceli Martínez-Olguín in Courtroom 10 of the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Meta Platforms, Inc. ("Meta") will and hereby does move this Court for an order excluding or, alternatively, limiting, evidence, testimony, and/or argument regarding the opinions of the expert retained by Plaintiff Jennifer L. Cook ("Plaintiff"), Dr. Jonathan Hochman, as inadmissible under Rule 702 of the Federal Rules of Evidence, including the following:

- Dr. Hochman's September 18, 2025 Declaration, ECF No. 236-31 ¶¶ 63-89; and
- Dr. Hochman's Deposition Transcript 47:5-51:17, 92:7-19, 190:16-191:3, and 197:11-198:21.

This Motion is made on the grounds that Dr. Hochman's opinions and testimony are inadmissible because his methodologies are: (1) inconsistent with Plaintiff's theory of the case; (2) unsupported by sufficient facts or empirical analysis; (3) novel, untested, and speculative; and (4) inconsistent with widely accepted principles.

This Motion is based upon this Notice of Motion and Motion, the concurrently filed memorandum of points and authorities, the concurrently filed Declaration of Adraine Peralta and all exhibits thereto, the pleadings and other records on file in this action, and any further argument and evidence properly before the Court.

Dated: March 5, 2026

Respectfully submitted,

SIDLEY AUSTIN LLP

By: _/s/ Randi Singer_
Randi Singer

*Attorney for Defendant Meta Platforms, Inc.*

Plaintiff's expert, Jonathan Hochman, Ph.D., offers sweeping opinions and proposes far-reaching, platform-wide remedial measures without articulating a reliable methodology for doing so. Dr. Hochman opines that Meta is ███████████████████████ but defines no measurable standard of "effectiveness," applies no discernible benchmark, conducts no empirical analysis and concedes his opinion applies only to small business owners regardless of whether they have registered copyrights (which does not align with Plaintiff's case theory). *See* Ex. 1 (Hochman Dep. Tr. 184:4-6, 197:4-199:6).[1]

Rather than identifying criteria by which Meta's enforcement efforts should be evaluated or explaining how his observations about a subgroup of small business owners can translate into platform-wide injunctive relief for a class of reporters with registered copyrights, Dr. Hochman proposes a sweeping set of novel technological and operational mandates—including ████ ████████████████████████████████████████████████████ ████, and third-party audits (*see* ECF No. 236-31 ¶ 63)—without testing their feasibility, evaluating false-positive risk, assessing operational burdens or conducting any cost-benefit analysis. He does not identify any reproducible framework he applies to derive these proposals, nor does he limit them to the proposed classes. His approach replaces analysis with assertion and his opinions fall short of the standards set forth in Rule 702 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), and should be excluded.

### ARGUMENT

Rule 702 requires expert testimony to be both relevant and reliable. *See id.* at 597. Reliability is the lynchpin of Rule 702, and trial courts are "required to examine the data and methodology on which each expert's opinion is based, and has the authority to exclude unreliable expert testimony." *U.S. ex rel. Jordan v. Northrop Grumman Corp.*, 2003 WL 27366247, at *2 (C.D. Cal. Feb. 24, 2003). The burden of proving relevance and reliability by a preponderance of the evidence lies with the proponent of the expert testimony. *See id.* at *2 n.4. District courts are required to make express findings that these burdens have been met. *See United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020).

---

[1] Citation to exhibits refer to the exhibits appended to the Declaration of Adriane Peralta.

## I.     DR. HOCHMAN'S OPINIONS DO NOT MATCH THE PUTATIVE CLASSES

Dr. Hochman's opinions are not sufficiently tied to Plaintiff's proposed classes and cannot advance Plaintiff's class-based liability or injunctive theories.  Expert testimony must be "relevant to the task at hand," i.e., "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharms., Inc. ("Daubert II")*, 43 F.3d 1311, 1315 (9th Cir. 1995).  A court will exclude an expert's testimony where his model does not align with plaintiff's case theory, and thus does not measure only the remedies "attributable to [plaintiff's] liability theory." *Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1021 (C.D. Cal. 2018) (striking expert's opinions where methodology did not address relevant conduct); *see also Wyatt Tech. Corp. v. Malvern Instr., Inc.*, 2010 WL 11505684, at *4-5 (C.D. Cal. Jan. 25, 2010) (excluding damages calculation not limited to relevant market).

Plaintiff's proposed classes are limited to "individuals and entities . . . who . . . reported one or more ads on Facebook infringing on their *registered* copyright."  ECF No. 236 at 1 (emphasis added).  But Dr. Hochman testified that his opinion that Meta is ███████████ ██████████████████████████████████████████, who may not own registered copyrights.  Ex. 1 (Hochman Dep. Tr. 184:4-6, 197:4-199:6).  This opinion is both overinclusive because it encompasses reporters without registered copyrights, and underinclusive because it is limited to small business owners (which he does not define); this disconnect is fatal.  An opinion confined to small business owners without regard to whether they have a registered copyright is not relevant to Plaintiff's classwide theory, nor can it logically support sweeping, platform-wide injunctive relief.  *See Townsend*, 303 F. Supp. 3d at 1021 (underlying survey not properly confined to plaintiff's case theory could not be used for damages calculations).  Dr. Hochman's opinions about the effectiveness of Meta's efforts to combat allegedly infringing ads and his proposed remedial measures should be excluded.  *See* ECF No. 236-31 ¶¶ 63-89; Ex. 1 (Hochman Dep. Tr. 47:5-51:17, 92:7-19, 190:16-191:3, 197:11-198:21).

## II.     DR. HOCHMAN'S OPINIONS ARE UNSUPPORTED BY SUFFICIENT FACTS OR ANY EMPIRICAL ANALYSIS

Dr. Hochman's opinions regarding Meta's alleged failure to combat infringing ads are

unreliable because they rest on anecdote and selective document review rather than any systematic analysis of Meta's enforcement data or IP policies.  Rule 702 requires expert testimony to be "based on sufficient facts or data."  Fed. R. Evid. 702(b).  An expert must proffer sufficient facts or data to "support . . . every necessary link" in his theory.  *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 606 (9th Cir. 2002); *see also Guidroz-Brault v. Mo. Pac. R. Co.*, 254 F.3d 825, 830-31 (9th Cir. 2001) (excluding expert testimony premised on assumptions "not sufficiently founded on [the] facts" of the evidentiary record).

Dr. Hochman testified that his opinion rests on his review of Plaintiff's deposition testimony, portions of Meta's source code, and deposition testimony from certain Meta employees.  *See* Ex. 1 (Hochman Tr. 190:16-191:3, 191:8-11, 193:6-195:8, 236:14-23).  Dr. Hochman did not analyze ██████████████████████████████████████████ ██████████████████████████████████████████ ████████████.  Nor did he rely on the analysis performed by Plaintiff's damages expert, Mr. Richard Eichmann, or identify any measurable standard by which Dr. Hochman assessed "effectiveness."  Instead, his conclusions are drawn primarily from Plaintiff's individual experience.  *See* Ex. 1 (Hochman Dep. Tr. 184:4-6, 197:11-19, 198:13-12, 199:3-6).

Because Dr. Hochman's opinion as to the effectiveness of Meta's IP policies and procedures rests on qualitative impressions, not a defined methodology, it should be excluded.  *See* ECF No. 236-31 ¶ 88; Ex. 1 (Hochman Dep. Tr. 190:16-191:3, 197:11-198:21).  And because this opinion forms the basis for his proposed remedial measures, *see* ECF No. 236-31 ¶¶ 63-89; Ex. 1 (Hochman Dep. Tr. 47:5-51:17, 92:7-19), opinions regarding those measures likewise lack the foundation required by Rule 702 and should be excluded, *see S.F. Baykeeper v. City of Sunnyvale*, 627 F. Supp. 3d 1085, 1100 (N.D. Cal. 2022) (excluding expert opinion that relied on another unreliable opinion); *Chandler Gas & Store Inc. v. Treasure Franchise Co. LLC*, 2025 WL 3018829, at *4 (D. Ariz. Oct. 29, 2025) (excluding opinion relying on excluded opinion).

### III. DR. HOCHMAN'S PROPOSED REMEDIAL MEASURES ARE NOVEL, UNTESTED, AND HIGHLY SPECULATIVE

Dr. Hochman asks the Court to mandate sweeping, technology-driven remedial measures

that have never been tested, validated, or adopted by any comparable platform, rendering his methodology novel and speculative. Under Rule 702 and *Daubert*, the ultimate question is whether the expert's analysis "falls within the range of accepted standards governing how scientists conduct their research and reach their conclusions." *Daubert II*, 43 F.3d at 1317. Courts routinely exclude expert opinions where there is insufficient evidence that the expert's methodology has been tested or is "generally accepted in the relevant scientific community." *M.A.C. v. City of Los Angeles*, 2018 WL 6173383, at *3 (C.D. Cal. Jan. 24, 2018); *see also Estrada v. Genie Indus., Inc.*, 2007 WL 776100, at *4 (E.D. Cal. Mar. 12, 2007) (excluding opinions supported only by a single, untested example).

Dr. Hochman essentially concedes that his proposed methods have never been accepted or tested in the DMCA context because he could not identify a single comparable company that has implemented his recommended measures. *See* Ex. 1 (Hochman Dep. Tr. 65:18-69:2, 80:17-25). Although he attempts to analogize the use of ███████████████████████████████████████████████████████████████████████████████████, this comparison is inapposite. *See* ECF No. 236-31 ¶ 71. Unlike the display of copyrighted works, the display of ██████ is *always* illegal; there is no lawful counterpart analogous to fair use or licensed use. *See* ECF No. 242-10 ¶ 138. Using such technology ██████████████████████████████████████████████████████████ will inevitably lead to removal of non-infringing and fair uses, and Dr. Hochman does not address the false-positive implications or the operational impact of implementing his proposals. *See id.* ¶ 137. Without analysis of how these measures would function in practice, Dr. Hochman essentially offers policy preferences rather than a reliably applied expert methodology and his opinions should be excluded. *See* ECF No. 236-31 ¶¶ 63-89; Ex. 1 (Hochman Dep. Tr. 47:5-51:17, 92:7-19).

## IV.     DR. HOCHMAN'S PROPOSED METHODOLOGY IS INCONSISTENT WITH WIDELY ACCEPTED PRINCIPLES

An expert who evaluates a company's compliance systems must ground his analysis in accepted control principles. *See, e.g.*, *Volterra Semiconductor Corp. v. Primarion, Inc.*, 2013 WL 6905555, at *23 (N.D. Cal. Nov. 18, 2013) (excluding opinions where methods were not based on

accepted principles); *Persian Gulf Inc. v. BP West Coast Prods. LLC*, 632 F. Supp. 3d 1108, 1168 (S.D. Cal. 2022) (excluding opinions where methodology was divorced from econometric principles). Dr. Hochman identifies no defined framework and his methodology is not based on any widely accepted principles. For instance, his methodology is inconsistent with the COSO Internal Control–Integrated Framework ("COSO Framework")—the widely accepted standard for evaluating corporate internal controls. *See* ECF No. 241-14 ¶ 147 ("internal control" is a "process . . . designed to provide reasonable assurance regarding the achievement of objectives relating to operations, reporting, and compliance"); *Reynolds v. Behrman Cap. IV LP*, 2023 WL 5418727, at *6 (N.D. Ala. Aug. 22, 2023) (COSO Framework is "used by organizations in a variety of industries and sectors" and is a "suitable framework for assessing internal control"); *see also In re Energy Rec. Inc. Sec. Litig.*, 2016 WL 324150, at *15 (N.D. Cal. Jan. 27, 2016) ("[C]ourts have imposed liability for non-compliance with COSO frameworks."). The COSO Framework makes clear that "[a]bsolute assurance is not possible" and recognizes inherent system limits. ECF No. 242-10 ¶ 147. Dr. Hochman does not account for these limits; he asserts that ████████████ ████████████████████████████████ ECF No. 236-31 ¶ 67, effectively applying a standard of perfection. By faulting Meta for failing to eliminate infringement entirely, Dr. Hochman applies a standard inconsistent with the accepted framework. *See id.*

Dr. Hochman's methodology also fails to incorporate any cost-benefit analysis and does not consider the operational considerations of implementing his proposals at scale. *See* ECF No. 242-10 ¶ 149. The COSO Framework contemplates that any control would be subject to a cost-benefit analysis (*see* ECF No. 242-10 ¶ 149), but Dr. Hochman considers reducing infringement without considering the out-of-pocket costs to Meta or the tangible and intangible costs to Facebook users. *See id.*; Ex. 1 (Hochman Tr. 52:10-54:23). By assessing Meta's systems without a defined framework and without considering the practical constraints of the systems, Dr. Hochman's methodology departs from widely accepted principles, does not reflect a reliably-applied analysis, and should be excluded. *See* ECF No. 236-31 ¶¶ 63-89; Ex. 1 (Hochman Dep. Tr. 47:5-51:17, 92:7-19).

Dated: March 5, 2026

Respectfully submitted,

By:  */s/ Randi Singer*
     Randi Singer

RANDI W. SINGER (Bar No. 320587)
randi.singer@sidley.com
ELIZABETH K. MCLEAN (admitted *pro hac vice*)
elizabeth.mclean@sidley.com
MARY K. CLEMMONS (admitted *pro hac vice*)
katie.clemmons@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

ADRIANE PERALTA (Bar No. 304357)
adriane.peralta@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Meta Platforms, Inc.*