CALEB MARKER (SBN 269721)
caleb.marker@zimmreed.com
CHARLES R. TOOMAJIAN (SBN 302153)
charles.toomajian@zimmreed.com
**ZIMMERMAN REED LLP**
6420 Wilshire Blvd., Suite 1080
Los Angeles, California 90048
Telephone: (877) 500-8780
Facsimile: (877) 500-8781

BRIAN C. GUDMUNDSON (*pro hac vice*)
brian.gudmundson@zimmreed.com
JUNE P. HOIDAL (*pro hac vice*)
june.hoidal@zimmreed.com
MICHAEL J. LAIRD (*pro hac vice*)
michael.laird@zimmreed.com
RACHEL K. TACK (*pro hac vice*)
rachel.tack@zimmreed.com
BENJAMIN R. COOPER (*pro hac vice*)
benjamin.cooper@zimmreed.com
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0400

*Attorneys For Plaintiff and Putative Class*
(additional attorneys listed on signature page)

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

JENNIFER L. COOK, d/b/a JL Cook, JL Cook Sculptor, and SNAKEARTS.COM,

Plaintiff,

v.

META PLATFORMS, INC., F/K/A FACEBOOK, INC.

Defendant.

Case No. 3:22-cv-02485-AMO

**PLAINTIFF'S OPPOSITION TO META PLATFORMS, INC.'S MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF JONATHAN HOCHMAN**

Date:      April 23, 2026
Time:      2:00 p.m.
Dept.:     Courtroom 10 – 19th Floor
Judge:     Honorable Araceli Martínez-Olguín

After briefing on Plaintiff's motion for class certification and before summary judgment, Defendant moved to exclude Plaintiff's expert, Jonathan Hochman. Defendant's motion is premature. Class certification is not the time to debate the merits of a case. *See Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage."). When a *Daubert* motion is considered at the class certification stage, the Ninth Circuit has expressly held that courts should only conduct a limited assessment of the expert evidence to determine whether it informs the Rule 23 analysis. *See Lytle v. Nutramax Labs., Inc.*, 114 F.4th 1011, 1031 (9th Cir. 2024). Along those lines, this Court's Standing Order explicitly prohibits *Daubert* motions prior to summary judgment.[1] Meta's motion impermissibly ignores the Court's standing order and attempts to convert the threshold Rule 23 inquiry into a full-blown merits hearing aimed at excluding Dr. Hochman's opinions as though the Court were making trial-admissibility determinations now. The Court should deny the Motion on that ground alone.

The Motion fails on the substance as well. Dr. Hochman's opinions are relevant to the proposed class and based on a sufficient factual foundation and sound methodology. Dr. Hochman's opinions will instruct the Court's understanding of the common problems each member of the class is facing and provide a method for addressing the classwide problems. As Dr. Hochman opines, ███████ ████████████████████████████████████ ECF 235-19 at ¶ 67. That systemic failure applies equally to all members of the class. And the █████████████████████████████████████████ *Id.* at ¶¶ 61-89.

## I.    Dr. Hochman's Opinions Are Relevant to the Proposed Class.

Meta attempts to portray Dr. Hochman's opinions as applying only to ███████████ ████████████████ Mot. at 2, but this is incorrect. Meta also claims that Dr. Hochman's "opinions are not sufficiently tied to Plaintiff's proposed classes," *id.*, but in support identifies Dr. Hochman's testimony where he explicitly stated that his opinions are ███████ ████ ECF 256-4 at 199:3-6. Contrary to Meta's Motion, Dr. Hochman did not testify that his opinions

---

[1] *See* Judge AMO Standing Order, at 4 ("*Daubert* motions shall trail the filing of a motion for summary judgment.").

concerning Meta's ineffectiveness at addressing copyright infringement was limited to ████████ ████ Mot. at 2. Rather, as evidenced by the same testimony Meta cites, Dr. Hochman acknowledged that ███████████████████████████████████████████████████ ███████████████████████████████████████████ ECF 254-4 at 198:13-21. What Meta misses is that ████████████████████████████████████████████████████████████████

Dr. Hochman's opinions will also separately help the trier of fact understand the evidence and determine certain facts at issue, including the technology and practices Meta uses to review and place ads and respond to infringement reports, the policies related to those practices, and the consequences of its policy choices. *See* Fed. R. Evid. 702. At most, any perceived mismatch goes to the weight the Court should afford Dr. Hochman's opinions with respect to the defined class, not to their admissibility. This is particularly true at the class certification stage, where courts apply only a limited *Daubert* inquiry. *See Lytle*, 114 F.4th at 1031.

**II.     Dr. Hochman's Opinions Rest on a Sufficient Factual Foundation.**

In preparing his declaration, ███████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████ *See* ECF 235-19 at Ex. B. Meta argues that Dr. Hochman's opinion should be excluded because it was based upon "qualitative impressions" rather than a "defined methodology." Mot. at 3. Plaintiff disputes that characterization of Dr. Hochman's analysis, but even if the Court does view Dr. Hochman's approach as qualitative, that would not warrant his exclusion. *See In re Toy Asbestos*, No. 19-CV-00325-HSG, 2021 WL 1167638, at *3 (N.D. Cal. Mar. 26, 2021) ("[N]either Rule 702 nor *Daubert* precludes qualitative analysis" and "the Supreme Court has cautioned that . . . when evaluating specialized or technical expert opinion testimony, the 'relevant reliability concerns may focus

upon personal knowledge or experience.'" (quoting *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 150 (1999)).

Meta also criticizes Dr. Hochman for not reviewing certain evidence which *it* considers critical, including Meta's notice-and-takedown data and enforcement outcomes. Mot. at 3. Although Meta incorrectly characterizes Dr. Hochman's opinion as being " ███████████████████████████████ ███████████" Meta concedes that Dr. Hochman also reviewed ███████████████████████ ███████████████████████████████████ *Id*. Meta's argument attempts to shift the Court's inquiry away from examining whether the evidence Dr. Hochman *did* review laid a sufficient factual foundation for his opinions, and toward whether those opinions would be corroborated by additional evidence which Meta deems important. Meta's efforts are precisely the type of sleight of hand that the Ninth Circuit has rejected. *See Hyer v. City & Cnty. of Honolulu*, 118 F.4th 1044, 1056 (9th Cir. 2024) (noting that Rule 702 "requires foundation, not corroboration"); s*ee also Panchenko v. Comenity Cap. Bank*, No. 23-CV-04965-EKL, 2025 WL 2372597, at *4 (N.D. Cal. Aug. 13, 2025) (noting that the data used by an expert affects the weight but not the admissibility given to that expert).

Meta also ignores its ███████████████████████████████████████ requiring Plaintiff to compel Rule 30(b)(6) testimony and even then producing a business leader as a witness who admitted ███████████████████████████████████████████ ████████████████████████████ The Court should not reward Meta for its gamesmanship when Dr. Hochman's opinions are already supported by sufficient facts and satisfy Rule 702.

## III.    Dr. Hochman's Methodology Is Sound and He Was Not Required to Adhere to COSO.

Meta faults Dr. Hochman for ███████████████████████ ███████████████████████████████████████ Mot. at 5. But Meta misses the point: COSO is inapposite to the inquiry here as its framework was developed specifically to guide the evaluation of internal controls over *financial reporting*—not technological system design or cybersecurity measures. COSO principles apply to *damages experts* calculating financial losses (not to technical experts evaluating platform capabilities). The cases Meta cites bear out that reality and narrowly concern damages calculations by financial experts where COSO's cost-benefit and risk-tolerance principles are relevant. *See Volterra Semiconductor Corp. v. Primarion, Inc.*, No. 08–CV–

05129–JCS, 2013 WL 6905555, at *23 (N.D. Cal. Nov. 18, 2013) (excluding an expert for using a methodology for calculating damages barred by precedent); *Persian Gulf Inc. v. BP W. Coast Prods. LLC*, 632 F. Supp. 3d 1108, 1168 (S.D. Cal. 2022) (excluding damages expert for providing no methodological justification grounded in econometrics for his damages model).

Tellingly, Meta makes no effort to explain why Dr. Hochman, an expert in "theoretical computer science and practical business applications" offering opinions related to ███████████████

███████████████████████████████████

███████████ ECF 235-19 at ¶¶ 4, 62. Meta relies solely on its own expert's declaration to support this assertion. Mot. at 4-5. The cases Meta cites[2] provide no support for importing that framework here, and Meta offers no basis for concluding that ████████████████████████

██████████ That unsupported premise provides no basis to exclude Dr. Hochman's opinions. Put simply, one would not evaluate a structural engineer's bridge design using accounting or financial control standards, and one should not evaluate Dr. Hochman's technical opinions using a financial auditing framework.

Meta also claims Dr. Hochman seeks to hold Meta to a standard of perfection. Mot. at 5. He does not. Dr. Hochman ██████████████████████████

████████████████████████████

████████████████ " ECF 242-10 at ¶ 147. Rather, Dr. Hochman faults Meta for ██████

████████████████████████████████████

██████████ ECF 256-4 at 199:13-20.

## IV.    Hochman's Suggested Remedial Measures Are Sound.

Meta concedes that some of the ████████████████████

███████████████████████████████████████ Although Meta attempts to draw a distinction between ████████████████████

---

[2] *Reynolds v. Behrman Cap. IV LP*, No. 2:18-CV-00514-ACA, 2023 WL 5418727, at *3–9 (N.D. Ala. Aug. 22, 2023) (finding an expert, who was a CPA (among other certifications), was qualified to opine on the "compliance risks relating to the payment of [] fees" in part because he applied the COSO framework); *In re Energy Recovery Inc. Sec. Litig.*, No. 15-CV-00265-EMC, 2016 WL 324150, *15–16 (N.D. Cal. Jan. 27, 2016) (case involving financial fraud).

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████ Mot. at 4.  That is precisely the criticism Dr. Hochman levels at Meta.  *See* ECF 235-19 at ¶¶ 67-80.  Meta's claim that implementing the suggested automated controls would "███████████████████████████████████" (Mot. at 4) is belied by the record.  As Dr. Hochman pointed out, ████████████████████████████████████

████████████████████████████████████

████ *See* ECF 235-19 at ¶ 73 (████████████████████████████████

█████████████████████████████████.  Meta's own admissions therefore confirm that Dr. Hochman's proposed measures are feasible, leaving Meta with nothing more than a disagreement with his conclusions, which is not a basis for exclusion.

Dated:  March 19, 2026

/s/ Rachel K. Tack

BRIAN C. GUDMUNDSON (*pro hac vice*)
brian.gudmundson@zimmreed.com
JUNE P. HOIDAL (*pro hac vice*)
june.hoidal@zimmreed.com
MICHAEL J. LAIRD (*pro hac vice*)
michael.laird@zimmreed.com
RACHEL K. TACK (*pro hac vice*)
rachel.tack@zimmreed.com
BENJAMIN R. COOPER (*pro hac vice*)
benjamin.cooper@zimmreed.com
**ZIMMERMAN REED LLP**
1100 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402
Telephone: (612) 341-0400
Facsimile: (612) 341-0400

CALEB MARKER (SBN 269721)
caleb.marker@zimmreed.com
CHARLES R. TOOMAJIAN (SBN 302153)
charles.toomajian@zimmreed.com
**ZIMMERMAN REED LLP**
6420 Wilshire Blvd., Suite 1080
Los Angeles, California 90048
Telephone: (877) 500-8780
Facsimile: (877) 500-8781

JONATHAN L. HARDT (*pro hac vice*)
hardt@rhmtrial.com
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541

JAMES F. MCDONOUGH, III (*pro hac vice*)
jim@rhmtrial.com
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, GA  30339
Telephone: (470) 480-9505

**Attorneys for Plaintiff,**
*Jennifer L. Cook*