RANDI W. SINGER (Bar No. 320587)
randi.singer@sidley.com
ELIZABETH K. MCLEAN (admitted *pro hac vice*)
elizabeth.mclean@sidley.com
MARY K. CLEMMONS (admitted *pro hac vice*)
katie.clemmons@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

ADRIANE PERALTA (Bar No. 304357)
adriane.peralta@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendant,
*Meta Platforms, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JENNIFER L. COOK, d/b/a JL Cook, JL Cook Sculptor and SNAKEARTS.COM,<br><br>    Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC., f/k/a FACEBOOK, INC.,<br><br>    Defendant. | Case No. 3:22-cv-02485-AMO<br><br>**DEFENDANT META PLATFORMS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF JONATHAN HOCHMAN**<br><br>Hearing Date: April 23, 2026<br>Time: 2:00 p.m.<br>Dept.:  Courtroom 10 – 19th Floor<br>Judge:  Honorable Araceli Martínez-Olguín |

Dr. Hochman offers sweeping opinions and proposes novel and untested platform-wide remedial measures. Unable to show that Dr. Hochman's proposals are reliable, let alone generally accepted, Plaintiff does not even attempt to meet her burden under Rule 702 and *Daubert,* and instead tries to kick the can down the road by characterizing Meta's Motion as premature and going to the merits.[1]  But courts must "act as the gatekeeper of expert testimony to ensure that such testimony is reliable and relevant" at class certification. *RJ v. Cigna Health & Life Ins. Co.*, 2024 WL 1107826, at *4-5 (N.D. Cal. Feb. 12, 2024). Indeed, District Courts are required to make express findings that *Daubert* and Rule 702 burdens have been met at the class certification stage. *See, e.g.*, *Grodzitsky v. Am. Honda Motor Co.*, *Inc.*, 957 F.3d 979, 984 (9th Cir. 2020) ("[I]n evaluating challenged expert testimony in support of class certification, a district court should evaluate admissibility under the standard set forth in *Daubert*."). Plaintiff's reliance on *Lytle* for her assertion that only a "limited assessment" should be conducted at this stage is misplaced. Unlike the experts in *Lytle*, Dr. Hochman's class certification opinions are fully developed and not mere proposals for a class methodology. *See Lytle v. Nutramax Lab'ys Inc.*, 114 F.4th 1011, 1031 (9th Cir. 2024) (finding "limited" *Daubert* assessment appropriate where expert's opinion was a proposal and not fully developed). In any event, Dr. Hochman's opinions also fail under the more limited analysis that Plaintiff proposes for the reasons set forth below and in Meta's Motion.

## I.   DR. HOCHMAN'S OPINIONS DO NOT MATCH THE PUTATIVE CLASSES

Dr. Hochman's opinions are not sufficiently tied to Plaintiff's proposed classes because they are both overinclusive and underinclusive.[2] *See Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1021 (C.D. Cal. 2018) (striking opinions where methodology did not address relevant conduct). Plaintiff fails even to address—and thus effectively concedes—that Dr. Hochman's opinions are overinclusive because he does not account for copyright registration. *See*

---

[1] Plaintiff mischaracterizes the Court's standing order by saying it "explicitly prohibits *Daubert* motions prior to summary judgment." ECF 261-1 at 1. The order contemplates filing *Daubert* motions at summary judgment, but it does not prohibit them at class certification, the most obvious and efficient juncture at which to challenge expert opinions going to class certification.

[2] Indeed, Plaintiff's experts have conflicting understandings of the proposed classes, both of which are wrong. *See* ECF 253-3 at 1-2; 257-3 at 2.

META'S REPLY ISO MOTION TO EXCLUDE                1                CASE NO. 3:22-CV-02485-AMO
JONATHAN HOCHMAN

ECF 261-1. Dr. Hochman's opinions are also underinclusive because he expressly stated that his opinions regarding Meta's █████████████████████████████████████ ████████████ ECF 257-4 (Hochman Tr. 198:8-21). Plaintiff points to Dr. Hochman's testimony that his opinions are "focus[ed] on our class," *id.* (Hochman Tr. 199:3-6), but this is inapposite because Dr. Hochman's understanding of the classes is incorrect. *See* ECF 257-3 at 2. Because Dr. Hochman's opinions are not tailored to the defined classes, they should be excluded.

## II.    DR. HOCHMAN'S OPINIONS LACK SUFFICIENT FOUNDATION

Dr. Hochman opines that Meta is ██████████████████████████ but he does so without having reviewed Meta's enforcement data or relying on the analysis conducted by Plaintiff's own expert, Mr. Eichmann. Exclusion is warranted where, as here, an expert simply "ignores evidence that is highly relevant to his conclusion." *Cambridge Lane, LLC v. J-M Mfg. Co.*, 2025 WL 1843110, at *9 (C.D. Cal. Feb. 24, 2025). Because Meta's enforcement data is not only relevant, but necessary to ████████████████████████████████████, Dr. Hochman's opinions should be excluded.

Dr. Hochman's "qualitative analysis" is not a sufficient substitute because he neither shows his work nor conducts any such analysis on a classwide or systemic basis. Instead, Dr. Hochman looks at Plaintiff's individual experience, *see* ECF 257-3 at 3, which he then baselessly extrapolates to the proposed classes. *See Kamakahi v. Am. Soc'y for Reproductive Med.*, 305 F.R.D. 164, 182 (N.D. Cal. 2015) (excluding opinions that baselessly extrapolated conclusions regarding individual entities to others for classwide model). The experience of one individual cannot be a sufficient basis to opine on the effectiveness of Meta's measures for the entire class, even when supplemented by reviewing source code and deposition testimony of Meta employees, and speaking to Plaintiff. To the extent Plaintiff took issue with Meta's discovery, she should have raised it with the Court before the deadline—not in an opposition to exclude her expert. Dr. Hochman's opinions lack foundation and should be excluded.

## III.    DR. HOCHMAN'S REMEDIAL MEASURES ARE UNTESTED

Dr. Hochman's proposed remedial measures must be excluded because they have never been tested, validated, or adopted by any Court or comparable online platform. Plaintiff fails to

identify any authority supporting general acceptance for these proposed remedial measures. *See* ECF 261-1. That is because none exist. Indeed, measures similar to those proposed by Dr. Hochman, such as ████████████████████████████████████████████ ████████████, have been rejected for the very reasons that Meta explained in its Motion. *See, e.g.*, *Athos Overseas Ltd Corp. v. YouTube, Inc.*, 162 F.4th 1330, 1338 (11th Cir. 2026) (rejecting argument that YouTube should have used copyright detection tools to identify and remove other uses of reported content because its tools were incapable of identifying infringement; the matched content could have been licensed or fair use). Plaintiff again points to ████████████████████ ████████████████████ to support Dr. Hochman's proposed measures, *see* ECF 261-1 at 5, without acknowledging the reasons explained in Meta's Motion that these tools do not work in the copyright context (including that ██████ is always illegal and does not have exceptions such as licensing and fair use). Because Dr. Hochman's proposed remedial measures have not been tested or generally accepted in the relevant scientific community, they should be excluded.

## IV.    DR. HOCHMAN'S METHODOLOGY IS INCONSISTENT WITH COSO

Plaintiff does not dispute that Dr. Hochman's methodology is inconsistent with the COSO Framework. Instead, she argues that the Framework does not apply; but Plaintiff's understanding is incorrect. The Framework is not limited to financial reporting and damages. *See In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 96, 148-49 (D. Md. 2021) (defendant applying Framework "to develop control activities over technology" in data breach class action); *In re RTI Surgical Derivative Litig.*, 2021 WL 8314461, at *9 (N.D. Ill. Sept. 30, 2021) (defendant retaining consultant as part of settlement to bring it into compliance with the Framework for risk management purposes). It expressly applies to "operations, reporting, and compliance," ECF 241-14 ¶ 147, and is therefore applicable here because Dr. Hochman is a purported expert in "practical business applications" opining on Meta's operations and compliance. ECF 261-1 at 4.

Plaintiff further claims that Dr. Hochman holds Meta to a standard of effectiveness—not perfection—in reducing infringing activity. His declaration expressly contradicts this (ECF 236-31 ¶ 67), but even if true, Dr. Hochman never defines this standard of effectiveness; making it impossible to test his methodology for reliability. As such, his opinions should be excluded.

Dated: March 26, 2026

Respectfully submitted,

By: */s/ Randi W. Singer*
     Randi W. Singer

RANDI W. SINGER (Bar No. 320587)
randi.singer@sidley.com
ELIZABETH K. MCLEAN (admitted *pro hac vice*)
elizabeth.mclean@sidley.com
MARY K. CLEMMONS (admitted *pro hac vice*)
katie.clemmons@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599

ADRIANE PERALTA (Bar No. 304357)
adriane.peralta@sidley.com
SIDLEY AUSTIN LLP
350 South Grand Avenue
Los Angeles, CA 90071
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

*Attorneys for Defendant Meta Platforms, Inc.*